UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                         Case Number 09-20523-05
                                                Honorable Thomas L. Ludington

v.

CHRISTOPHER THREET,

       Defendant.

_____/

**ORDER DENYING MOTION TO SEVER TRIAL, CANCELING HEARING, SETTING
FINAL PRETRIAL CONFERENCE AND PLEA CUTOFF AND SCHEDULING TRIAL**

Defendant Christopher Threet was charged in the third superseding indictment issued on

March 23, 2011 on the following counts: Count 1- Conspiracy to Manufacture 1000 or more

Marijuana Plants- in violation of 21 U.S.C. § 846, from spring 2009 to October 13, 2009; Count 4-

Manufacture 1000 or more marijuana plants in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. §

2, from spring 2009 to October 13, 2009; Count 6- Possession with Intent to Distribute Marijuana-

in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, on or about October 13, 2009; Count 8-

Manufacturing Marijuana- in violation of 21 U.S.C. § 841(a)(1)), from a time unknown until on or

about January 13, 2011; Count 9- Possession of Firearm by Unlawful Controlled Substance User-

in violation of 18 U.S.C. § 922(g)(3), from a time unknown to on or about January 13, 2011; Count

10- Possession of Firearm in Furtherance of Drug Trafficking- in violation of 8 U.S.C. § 924(c),

from a time unknown to on or about January 13, 2011; Count 11- Drug House- in violation of 21

U.S.C. § 856(a)(1), from a time unknown to on or about January 13, 2011; Count 12- Possession

with Intent to Distribute Marijuanain violation of 21 U.S.C. § 841(a)(1), on or about July 14, 2010;

and Count 13- Possession with Intent to Distribute Marijuana, in violation of 21 U.S.C. § 841(a)(1)

on or about January 13, 2011. Two other co-defendants, David Howard and Eric Schweikert, were charged in this indictment and three other former co-defendants, Rocky Corlew, Cory Corlew, and Michael Szemites, have entered guilty pleas to various drug-related charges.

A fourth superceding indictment was unsealed on May 13, 2011, containing the same counts against Threet. ECF Nos. 192, 193. The fourth superseding indictment included David Howard, Eric Schweikert, Timothy Bunting, Nathan Stover and Salah Dado as co-defendants. Eric Shweikert, Nathan Stover, Timothy Bunting, and David Howard have since entered plea agreements. Judge Binder's reports and recommendations concerning the guilty pleas entered by Shweiker, Stover, and Bunting have been accepted by the Court. The only remaining defendants are Threet and Dado.

Now before the Court is Threet's motion to sever trial, filed on May 2, 2011. ECF No. 185. Threet contends that, although he is "alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses" with his other co-defendants, defense counsel had not been provided with any evidence tying Threet to the alleged October 2009 conspiracy to manufacture 1000 or more marijuana plants as of the date the motion was filed. Threet argues that trying him with one or more of his co-defendants is likely to be unduly prejudicial to him as he is alleged to have participated in only two specific actions as part of the conspiracy: a) transporting mother plants to Roscommon County, and b) having "arranged for a device useful in processing marijuana" that could be lawfully obtained by any person. Threet submits that the charges against him stem from three separate matters: a) his alleged involvement in the charged October 2009 drug conspiracy of which no evidence has been provided to counsel; b) his alleged involvement in an unrelated Michigan State Police arrest in July 2010; and c) unrelated federal drug charges stemming from his arrest in January 2011. Threet filed an amended

-2-

motion to sever trial, requesting that the Court sever Count 12 from the indictment as well. ECF No. 239.

The Court has reviewed the parties' submissions and finds that the facts and the law have been sufficiently set forth in the motion papers. The Court concludes that oral argument will not aid in the disposition of the motion. Accordingly, it is **ORDERED** that the motion be decided on the papers submitted. E.D. Mich. LR 7.1(f)(2). For the reasons provided herein, Threet's motion to sever trial and amended motion to sever trial will be denied.

## I

"In general, 'there is a preference in the federal system for joint trials of defendants who are indicted together.' " *Ross v. United States*, 339 F.3d 483, 493 (6th Cir. 2003) (quoting *Zafiro v. United States*, 506 U.S. 534, 537 (1993). Similarly, "[i]n conspiracy cases, the general rule is that persons jointly indicted should be tried together. This is especially true where the offenses charged may be established against all of the defendants by the same evidence resulting from the same series of acts." *United States v. Paulino*, 935 F.2d 739, 751 (6th Cir. 1991). The preference for joint trials is based on the fact that "[t]hey promote efficiency and 'serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.' " *Zafiro*, 506 U.S. at 537 (*quoting Richardson v. Marsh*, 481 U.S. 200, 210 (1987)).

Pursuant to Federal Rule of Criminal Procedure 14, a court may order separate trials if there is a risk of undue prejudice. After co-defendants have been properly joined under rule 8(b) a district court should grant a motion for severance under Rule 14 if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. *Zafiro*, 506 U.S. at 539. Motions to sever may also

-3-

be granted for prejudicial reasons when there is a complex case involving different degrees of culpability amongst the co-defendants. *Kotteakos v. United States*, 328 U.S. 750, 774-75 (1946). Before a claim for severance will be granted, "the defendant has a heavy burden of showing specific and compelling prejudice from having a joint trial." *United States v. Tocco*, 200 F.3d 401, 413 (6th Cir. 2000).

Even where joinder of defendants or counts is technically proper, severance is required when it is necessary to safeguard the defendant's right to a fair trial. *United States v. Wirsing*, 719 F.2d 859 (6th Cir. 1983). Furthermore, it is proper to conduct separate trials where highly inflammatory evidence will be introduced against some, but not all of the co-defendants. *United States v. Berining*, 70 F.3d 850, 853 (6th Cir. 1995). A district court should grant a severance if there is a risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. "Such a risk might occur when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a co-defendant." *Zafiro*, 506 U.S. at 539 (1993).

In the instant matter, 147 gallon bags of marijuana were confiscated from the Corlew premises. The majority, 145 bags, were confiscated from the detached garage, the surrounding fields, and from Co-Defendant Rocky Corlew's truck, where Co-Defendant Szemites was found hiding underneath the truck. Angela Ackley Dep. 24:13-14, Oct. 28, 2009. The other 2 bags were confiscated in the residence, underneath some clothes inside a laundry hamper. *Id*. at 24:17-18. Threet contends that the government has not provided evidence directly linking him to the confiscated marijuana nor has the government provided any evidence linking Threet to the Corlew Roscommon grow operation. Threet submits that it is thus proper to conduct separate trials where

inflammatory evidence—here, the Corlew grow operation—will be introduced that involves some, but not all, co-defendants, as is the case here. *United States v. Berining*, 70 F.3d 850, 853 (6th Cir.1995) (evidence that one defendant acted under duress due to abuse by other co-defendants); *see also United States v. Davidson*, 936 F.2d 856, 861 (6th Cir. 1991) (severance should be granted where the government introduced the bulk of the evidence of unrelated crimes of co-defendants). A joint trial can be held to be unfairly prejudicial even if all the charges arose "out of the same underlying event," if those charges were "premised upon entirely disparate levels and allegations of culpability." *United States v. Sample*, 636 F2d 621, 643 (D.C. Cir. 1980).

Threet contends that the numerous unrelated charges could cause the jury confusion or cause the jury to conclude the he is a bad person and should be found guilty. Threet also argues that the risk that the jury will not follow instructions under these circumstances is such that severance should be granted. Moreover, Threet submits that he has little relation to the majority of the co-defendants, *U.S. v Branker*, 395 F.2d 881, 888 (1968), and trying him with other co-defendants presents an assumption to the jury that all defendants worked together and shared the same knowledge. Threet requests that, should the Court denies his motion, it would be appropriate to provide a limiting instruction to address these concerns. *Zafiro*, 506 U.S. at 938 (noting that "limiting instructions[] often will suffice to cure any risk of prejudice") (citation omitted); *Richardson v. Marsh*, 481 U.S. 200, 211 (1987) ("[J]uries are presumed to follow their instructions.").

The government responds that Threet's vague claims of prejudice that may result from a joint trial are insufficient to satisfy the type of showing necessary to warrant conducting his trial separately from that of his co-conspirators. ECF No. 190. Threet appears to allege that there is a disparity in the quantum of evidence that will be offered regarding him as opposed to his

-5-

co-conspirators. The government contends that this is insufficient to satisfy Threet's burden of establishing that he would be prejudiced by a joint trial. Defendants who are charged with relatively minor roles in conspiracies are not entitled to severance on that basis. *United States v. Beverly*, 369 F.3d 516, 534 (6th Cir. 2004); *United States v. Davis*, 177 F.3d 552, 557-58 (6th Cir. 1999); *United States v. Welch*, 97 F.3d 142, 147-48 (6th Cir. 1996).

In addition, Threet's allegation regarding the disparity in evidence is unfounded. The government anticipates presenting evidence that Threet played a pivotal role in the marijuana manufacturing operation charged in the indictment. His alleged participation included providing mother plants used to generate over 1000 marijuana plants grown and processed at the Muma Road part of the operation. He also allegedly helped cultivate those plants over the course of the growing season and provided specialized equipment used to process the marijuana crop. Thus, the evidence the government intends to offer of Threet's participation in the Muma Road operation with other members of the conspiracy is significant. Judicial economy therefore weighs in favor of a joint trial, while no bona fide claim of prejudice based on that evidence weighs in favor of severance. Moreover, even had Threet met his burden of demonstrating actual prejudice in order to obtain a severance, severance would not be mandated. "Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Zafiro*, 506 U.S. at 538-39. Although severance is an option, "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." *Id.* at 539.

Threet has not met his burden of demonstrating that severance would be appropriate in this case. The government contends that he played a significant role in the conspiracy charged and, even if he had played a minor role, he would not be entitled to a separate trial on that basis. *See Beverly*,

-6-

369 F.3d at 534. Threet also does not contend that a trial with the remaining co-defendant would be prejudicial; he appears to contend that a joint trial would be prejudicial because of the acts connected to the Corlews and Defendant Szemites who no longer remain in the case. Threet has also not offered anything to support his suggestion that the jury will not follow their instructions or why the instructions would be confusing. *Richardson v. Marsh*, 481 U.S. 200, 211 (1987) ("[J]uries are presumed to follow their instructions."). There is also nothing to suggest that trying Threet with the remaining co-defendant would result in the jury disregarding the evidence and the Court's instructions and simply assuming that all the charged defendants worked together and shared the same knowledge. Moreover, the level of participation and knowledge of the conspiracy will be the government's burden to address. In the event a limiting instruction might be appropriate, it would be the most prudent course of action to address the proper limiting instruction at the time of trial if the evidence presented by the government warrants a limiting instruction.

In addition, Threet filed an amended motion to sever trial on August 19, 2011 (ECF No. 239) requesting that the Court sever Count 12 from the fourth superseding indictment, which charges the offense of possession with intent to distribute marijuana. This Count stems from an arrest by the Michigan State Police on July 14, 2010, after Threet allegedly purchased marijuana. The other various counts in the fourth superseding indictment relate to the alleged 2009 conspiracy to manufacture and distribute marijuana. Because the 2010 possession charge is unrelated to and independent from the alleged events in 2009, Threet requests that the count be severed. The government contends that this count is appropriately incorporated in the fourth superseding indictment because all of the offenses charged against Threet in the indictment "are of the same or similar character, . . .[and] are connected with or constitute parts of a common scheme or plan." Fed.

R. Crim. P. 8(a). Finally, the government submits that the fact that Count 12 is the only count alleging conduct in 2010 does not render prejudicial the joinder of that count with the other counts in the indictment.

Absent a showing of actual prejudice, severance of counts properly joined under Rule 8(a) is not warranted by Rule 14(a) of the Federal Rules of Criminal Procedure. Threet has not demonstrated prejudice necessitating a separate trial on Count 12. "Such non-specific assertions of prejudice are insufficient to warrant severance under Rule 14." *United States v. Bowker*, 372 F.3d 365, 385 (6th Cir. 2004), *vacated on Booker grounds*, 543 U.S. 1182 (2005). Additionally, the government's response informs the Court that defense counsel did not seek concurrence before filing the amended motion as required by E.D. Mich. Local Rule 7.1(a), even though defense counsel indicates that concurrence was sought in the motion papers. Accordingly, Threet's amended motion to sever will be denied.

## II

Accordingly, it is **ORDERED** that Threet's motion to sever trial (ECF No. 185) and amended motion to sever trial (ECF No. 239) are **DENIED**.

It is further **ORDERED** that a final pretrial conference and plea cutoff for Defendants CHRISTOPHER THREET and SALAH DADO is scheduled for **January 12, 2012 at 1:30 p.m.**

It is further **ORDERED** that the trial for Defendants CHRISTOPHER THREET and SALAH DADO is scheduled for **January 31, 2012 at 8:30 a.m.**

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: December 13, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 13, 2011.

s/Tracy A. Jacobs

TRACY A. JACOBS