UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

           Crim. No. 09-cr-20523
*Plaintiff*,        Civ. No. 15-cv-14049

v.            DISTRICT JUDGE THOMAS L. LUDINGTON
             MAGISTRATE JUDGE PATRICIA T. MORRIS

SALAH DADO,

*Defendant*.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON MOTION TO STRIKE (Doc. 449)
AND MOTION TO AMEND (Doc. 452)**

### I. RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Salah Dado's memorandum of law (Doc. 448) be **CONSTRUED AS A MOTION TO AMEND** and **GRANTED IN PART, AND DENIED IN PART**, that Dado's motion to amend (Doc. 452) be **GRANTED**, and that the United States' motion to strike (Doc. 449) be **DENIED**.

### II. REPORT

#### A. Introduction

This matter arises pursuant to a motion filed on November 10, 2015, by Salah Dado ("Dado") under 28 U.S.C. § 2255, challenging his conviction for conspiracy to distribute 1000 or more plants or 1000 kilograms or more of marihuana, and aiding and abetting the manufacture of 1000 or more marihuana plants. (Doc. 443). Dado was

1

sentenced to two concurrent twenty-year terms of imprisonment, followed by two concurrent ten-year terms of supervised release. (Doc. 417). On December 10, 2015, Dado filed a memorandum of law in which he asserts that he was denied effective assistance of counsel. (Doc. 448). On December 17, 2015, Dado filed a motion to amend his § 2255 motion. (Doc. 452). On December 22, 2015, the United States of America ("United States") filed a motion to strike the new and untimely issues raised in Dado's December 10, 2015, memorandum, and to deem waived the arguments Dado made in his § 2255 motion for reason of being fatally underdeveloped. (Doc. 449). The United States' motion does not discuss Dado's December 17 motion to amend. (*Id.*). U.S. District Judge Thomas Ludington has referred to the undersigned Dado's § 2255 motion, the United States' motion to strike, and Dado's motion to amend, for purposes of a report and recommendation. (Docs. 446, 451, 453).

B.     **Analysis**

Motions under 28 U.S.C. § 2255 are governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). AEDPA, which became effective in April 1996 and thus governs this 2013 conviction, imposes a one-year statute of limitations for a motion to vacate a sentence: "A 1–year period of limitation shall apply to a motion under this section." 28 U.S.C. § 2255(f). The limitation period runs from "the date on which the judgment of conviction becomes final." § 2255(f)(1). Where a defendant appeals their conviction to the Supreme Court but certiorari is not granted, the conviction becomes final upon the date of that denial. *See Sanchez–Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004).

Dado appealed to the Sixth Circuit Court of Appeals, which issued an opinion affirming his conviction on July 10, 2014, and issued a mandate enforcing that opinion on August 13, 2014. (Docs. 419, 420). He then appealed to the Supreme Court, which denied certiorari on November 10, 2014. (Doc. 423). The AEDPA statute of limitations on Dado's § 2255 motion thus expired one year after the date of the Supreme Court's denial of certiorari, *i.e.* on November 10, 2015. *See Bowling v. Haeberline*, 246 F. App'x 303, 305 (6th Cir. 2007). Dado's § 2255 motion, which he filed concurrent with that deadline, was thus timely. (Doc. 443).

AEDPA's one year statute of limitations on § 2255 claims also operates to bar amendments to § 2255 motions made following the expiration of the limitation period. *See Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008). Motions to amend a § 2255 motion after the expiration of the AEDPA statute of limitations are barred "unless the proposed amendment relates back to the date of the original pleading within the meaning of Rule 15(c)(2)." *Id*. Rule 15(c) provides that amendments relate back to the date of the original pleading when the claim asserted in the amendment "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). It is not sufficient that the amendment to a § 2255 motion "simply . . . relate to the same trial, conviction, or sentence as a timely filed claim." *Mayle v. Felix*, 545 U.S. 644, 662 (2005). Consequently, claims which "assert[] a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth" do not relate back. *Id*. at 648. Courts in this district have found that a claim does not relate back merely "because both claims relate to the alleged

3

'ineffectiveness' of . . . counsel." *Hestle v. United States*, No. 05-40245, 2013 WL 1147712, at *11 (E.D. Mich. Mar. 19, 2013). On the contrary, "it is the underlying facts that matter for the purposes of relating back, not the nature of the legal claims advanced." *Id*. Stated differently, "[a]mendments that seek to add new legal theories or present new claims based on different factual underpinnings are not permitted." *United States v. Smith*, No. 10-CR-20058, 2015 WL 5729114, at *3 (E.D. Mich. Sept. 30, 2015).

Because the AEDPA statute of limitations expired on November 10, 2015, any arguments raised by Dado after that date are untimely unless they relate back to his original § 2255 motion. To determine whether the claims raised by Dado in his memorandum of law or motion to amend relate back, the Court must first assess the nature of the claims Dado raises in his original § 2255 motion.

In his November 10, 2015, § 2255 motion, Dado alleges that his conviction should be overturned on two grounds: i) he was denied due process of law by 21 U.S.C. § 841(b)[1], which does not require a jury finding that the defendant knew the amount and type of drugs involved; ii) he experienced ineffective assistance of appellate counsel because his attorney did not argue that 21 U.S.C. § 841(b) violated his due process rights; iii) his trial attorney failed to disclose the existence of a favorable plea offer. (Doc. 448).

---

[1] Dado erroneously cites 18 U.S.C. § 841(b) in his § 2255 motion, but appears to have intended to cite 21 U.S.C. § 841(b). The former citation references the definitions used in provisions relating to explosives, whereas the latter citation refers to the manufacture and distribution of marihuana. Given that Dado's conviction related to the distribution of marihuana, the Court will assume that he intended to refer to 21 U.S.C. § 841(b).

4

## I.   Dado's December 10, 2015 Memorandum

Insofar as Dado's December 10, 2015, memorandum asserts that his trial attorney engaged in "nondisclosure of a formal plea agreement," those assertions do relate back to his original § 2255 motion. (Doc. 448 at 3-5, 7-13). Dado's memorandum develops, on the basis of the same facts and claims, the preexisting claim that his trial counsel failed to inform him of the existence of a plea agreement.

Dado also asserts in his memorandum, for the first time, that his trial counsel "fail[ed] to inform [him] that [he] would qualify, under [21 U.S.C.] Section 851, for a statutory sentencing enhancement." (Doc. 448 at 3). He also alleges that his "trial counsel failed to advise that, pursuant to 21 U.S.C. § 851(a), the government filed an information . . . [stating] that it would seek a sentencing enhancement based on his prior drug conviction." (*Id*. at 6). Dado further states that "trial counsel never suggested or objected to the Court's failure to conduct a § 851 colloquy." (*Id*. at 10). This claim does not relate back because it is premised on an entirely separate set of facts and claims than those raised in his § 2255 motion. Consequently, Dado's claims relating to 21 U.S.C. § 851 are time barred.

The Court recommends treating Dado's December 10, 2015, memorandum as a motion to amend his § 2255 claim, and granting that motion, insofar as Dado's new assertions relate back to his claim that his trial counsel failed to disclose the existence of a plea agreement, but denying the motion insofar as Dado seeks to raise issues relating to 21 U.S.C. § 851. *See Tilson v. United States*, No. 3:03-CR-08, 2007 WL 2903914, at *2 (E.D. Tenn. Oct. 2, 2007) (finding that a § 2255 petitioner's "fourth and fifth motions to

5

amend do relate back to the original ineffective-assistance claim, since the offered amendments elaborate on the claim in the original § 2255 petition. Hence, those motions are timely and the Court will considered [sic] the proffered amendments in rendering its decision in this matter.").

## II. Dado's December 17, 2015 Motion to Amend

In his December 17, 2015, motion to amend, Dado asserts that he was denied effective representation of counsel because his appellate counsel failed to argue that 21 U.S.C. § 841(b) violated Dado's due process rights by way of not requiring a finding of intent. (Doc. 452 at 3-10). These assertions grow out of the same set of facts and claims as Dado made in his § 2255 motion, and thus do relate back. As a result, the Court recommends granting Dado's motion to amend.

## III. United States' Motion to Strike

The United States moves to strike the claims Dado makes in his original § 2255 motion because Dado "did not provide adequate detail on those matters to preserve his claims" and "failed to provide legal authority supporting the claims in . . . his §2255 petition." (Doc. 449 at 4-5). The United States also asserts that Dado's untimely filed memorandum is not "adequate way to develop issues for consideration by the court," and that in any case Dado's memorandum does not develop either of the issues listed in his § 2255 motion. (*Id*. at 5). While filing a memorandum after the AEDPA statute of limitations has passed is not the preferred method for supporting a § 2255 motion, it is permissible provided that the issues raised relate back to the original motion, as discussed above. Secondly, Dado's memorandum supports his § 2255 claim insofar as he alleges

6

that his trial counsel failed to inform him of the existence of a plea offer. The United States has not addressed Dado's motion to amend; the Court has found that the issues raised that document also relate back to his § 2255 motion, thus bolstering the arguments raised in his § 2255 motion.

The Court is reluctant to find that a prisoner has waived his or her right to raise issues of constitutional magnitude in a §2255 motion by reason of insufficiently developing those arguments. All parties, including *pro se* incarcerated persons, are obligated to develop arguments in a more than "perfunctory manner, unaccompanied by some effort at developed argumentation." *United States v. Winkle*, 477 F.3d 407, 421 (6th Cir. 2007). However, the extreme remedy of waiver is best reserved for parties who make no attempt to set forth facts or law supporting their claims. This is particularly true in § 2255 matters, wherein the standard form directs the incarcerated to "not argue or cite law," but rather to "[j]ust state the specific facts that support your claim." (Doc. 443). Here, Dado argues in his § 2255 motion that 21 U.S.C. § 841(b) violated his due process rights; that his appellate counsel failed to raise that argument simply because he did not think of it, thus raising questions about whether Dado experienced ineffective assistance of counsel; and that his trial counsel was ineffective by reason of failing to disclose a plea offer. (*Id.*). Even when considered independent of his later supplementations, Dado has raised his claims for relief in a non-perfunctory manner, and has made some effort at developing his arguments. This is enough to avoid waiver of his arguments. *See United States v. Patino*, 150 F. App'x 453, 457 (6th Cir. 2005) (finding that a § 2255 petitioner waived the issue of ineffective assistance of counsel where he merely suggested that his

7

case "'involve[d] serious constitutional questions regarding . . . [whether he was] afforded effective assistance of counsel'" without elaboration). The United States' motion to strike the arguments Dado raises in his original § 2255 motion should thus be denied.

The United States next moves to strike Dado's December 10, 2015, memorandum insofar as he seeks to raise arguments relating to 21 U.S.C. § 851. As noted above, Dado's claims relating to that statute do not relate back to his § 2255 motion. Because the Court recommends treating Dado's December 10 memorandum as a motion to amend, it also recommends that the United States' motion to strike be denied. Pursuant to Rule 12(f), a party may request, or the court may act on its own, to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f)(1)-(2). The United States has not pointed to any redundant, immaterial, impertinent, or scandalous statements in Dado's December 10 filing which would merit striking. Moreover, Rule 12(f) contemplates only the striking of pleadings, not motions. *See F.D.I.C. v. Werner*, No. 08-CV-2336, 2010 WL 796770, at *1 (N.D. Ohio Mar. 3, 2010) ("While some courts have employed Fed. R. Civ. P. 12(f) to strike an affidavit or a brief, or portions thereof, there is no basis in the Federal Rules for doing so."). The United States' motion to strike Dado's December 10 memorandum should thus be denied.

Finally, the United States requests that the Court hold in abeyance the United States' obligation to respond to Dado's timely raised arguments in his § 2255 motion.

(Doc. 449 at 6). Because the Court has recommended the disposition of all pending motions to amend and strike, this request is rendered moot.

### III. Conclusion

Pursuant to the findings above, the Court **RECOMMENDS** as follows:

I) That Dado's December 10, 2015, memorandum of law **(Doc. 448)** should thus be **CONSTRUED AS A MOTION TO AMEND**, and **GRANTED IN PART**, insofar as his allegations relate to whether his trial counsel failed to disclose the existence of a plea agreement, and **DENIED IN PART** insofar as he raises new issues relating to 21 U.S.C. § 851.

II) That Dado's December 17, 2015, motion to amend **(Doc. 452)** be **GRANTED**.

III) That the United States' motion to strike **(Doc. 449)** be **DENIED**.

### IV. Review

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829

F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: January 11, 2016                    S/ PATRICIA T. MORRIS
                                                   Patricia T. Morris
                                                   United States Magistrate Judge

**CERTIFICATION**

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record. A copy was also sent via First Class Mail to Salah Dado #48516039 at Loretto Federal Correctional Institution, P.O. Box 1000, Loretto, PA 15940.

Date: January 11, 2016                        By s/Kristen Krawczyk
                                                       Case Manager