UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,        Case No. 09-cr-20523

v.        Honorable Thomas L. Ludington

D-9 SALAH DADO,

        Defendant/Petitioner.

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION, OVERRULING OBJECTIONS, GRANTING IN PART AND DENYING IN PART MOTION TO AMEND, GRANTING SECOND MOTION TO AMEND, AND DENYING MOTION TO STRIKE**

On December 10, 2015, Petitioner/Defendant Salah Dado filed a supplemental brief in support of his motion to vacate his sentence pursuant to 28 U.S.C. § 2255. ECF No. 448. On December 22, 2015, Dado filed a motion to amend his motion to vacate. ECF No. 452. That same day, the Government filed a motion to strike Dado's supplemental brief. ECF No. 449. All three filings were referred to Magistrate Judge Patricia T. Morris, to whom Dado's underlying motion to vacate was referred.

Judge Morris issued a Report on January 11, 2016, construing Dado's supplemental brief as a motion to amend and recommending that his first motion to amend (the supplemental brief) be granted in part and denied in part, that Dado's second motion to amend be granted, and that the Government's motion to strike be denied. Dado filed timely objections.

**I.**

The facts as conveyed by Judge Morris in her Report have not been objected to by either party. They will be adopted as if fully restated herein.

**II.**

**A.**

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a Magistrate Judge's report and recommendation. *See* FED. R. CIV. P. 72(b)(2). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted).

De novo review requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002). If the Court accepts a report and recommendation, the Court is not required to state with specificity what it reviewed; it is sufficient for the Court to state that it engaged in a de novo review of the record.

**B.**

The Federal Rules of Civil Procedure apply to habeas corpus proceedings under 28 U.S.C. § 2255. Rules Governing Section 2254 and 2255 Cases, Rule 12. Under Federal Rule of Civil Procedure 15, a court should "freely give leave" to amend "when justice so requires." FED. R. CIV. P. 15(a)(2). Further, "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." *Id*. at 15(c)(1)(B). "Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue

prejudice to the opposing party, and futility of amendment are all factors which may affect the decision." *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973). "Delay by itself is not sufficient reason to deny a motion to amend." *Id*. A court must also evaluate the notice and possible prejudice to the opposing party when considering whether to permit amendment. *Id*. "Decisions as to when justice requires amendment are left to the sound discretion of the trial judge[.]" *Robinson v. Michigan Consol. Gas Co. Inc.*, 918 F.2d 579, 591 (6th Cir. 1990).

### III.

Only Dado filed objections to Judge Morris's Report. In his supplemental brief, Dado attempted to introduce a claim that his trial counsel was ineffective for not objecting to the district court's decision not to hold a plea colloquy pursuant to 21 U.S.C. § 851. Dado contends that when the Government informed him that he would be subject to a sentencing enhancement under §851, his trial counsel was ineffective for not challenging the Court's decision not to hold a hearing or colloquy under § 851. Dado argues that this claim should relate back because, like the claims in his original motion to vacate, it relates to trial counsel's ineffectiveness and the same time during the proceedings during which his counsel would need to act.

Dado relies on *Mayle v. Felix*, 545 U.S. 644 (2005), but *Felix* specifically counsels against using a broad understanding of "conduct, transaction, or occurrence" when analyzing whether a claim relates back. *Id*. at 664 (nothing that "conduct, transaction, or occurrence" is not the same as "trial, conviction, or sentence"). The Supreme Court offered examples of the type of underlying common core of operative facts that do relate back:

> For example, in *Mandacina v. United States*, 328 F.3d 995, 1000–1001 (C.A.8 2003), the original petition alleged violations of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), while the amended petition alleged the Government's failure to disclose a particular report. Both pleadings related to evidence obtained at the same time by the same police department. The Court of Appeals approved relation back. And in *Woodward v. Williams*, 263 F.3d 1135,

      1142 (C.A.10 2001), the appeals court upheld relation back where the original petition challenged the trial court's admission of recanted statements, while the amended petition challenged the court's refusal to allow the defendant to show that the statements had been recanted.

*Id*. at 664 n.7. *Felix* weighs against amendment. Here, Dado's new claim only shares similarity with his prior claims in that it alleges ineffective assistance of counsel at the pretrial stage. It is otherwise wholly different. A claim of ineffective assistance of counsel is not a permit for continual amendment under *Felix*. A petitioner seeking to amend must demonstrate greater similarity of underlying facts than simply alleging ineffectiveness from generally the same period of time in the case.

**IV.**

Accordingly, it is **ORDERED** that the Report, ECF No. 454, **ADOPTED**.

It is further **ORDERED** that Petitioner Salah Dado's objections, ECF No. 455, are **OVERRULED**.

It is further **ORDERED** that Petitioner Salah Dado's Motion to Amend, ECF No. 448, is **GRANTED in part** and **DENIED in part**, consistent with the terms of the Report.

It is further **ORDERED** that Petitioner Salah Dado's Motion to Amend, ECF No. 452, is **GRANTED**.

It is further **ORDERED** that the Government's Motion to Strike, ECF No. 449, is **DENIED**.

Dated: August 4, 2016                      s/Thomas L. Ludington
                                                      THOMAS L. LUDINGTON
                                                      United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 4, 2016.

                     s/Michael A. Sian
                     MICHAEL A. SIAN, Case Manager