UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

                                      Case No. 09-cr-20523-09

v.                                                        Honorable Thomas L. Ludington

D-9 SALAH DADO,

    Defendant-Petitioner.

_____/

**ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, DENYING MOTION TO VACATE SENTENCE, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING PERMISSION TO PROCEED IN FORMA PAUPERIS**

On April 22, 2013, Salah Dado was sentenced to 240 months of incarceration after being convicted at trial of conspiring to manufacture and distribute 1000 or more marijuana plants or marijuana and with manufacturing 1000 or more marijuana plants. ECF No. 412. He appealed. ECF No. 413. On July 10, 2014, the Sixth Circuit affirmed his conviction and sentence. ECF No. 419. On November 17, 2015, Dado filed a motion to vacate his sentence under 28 U.S.C. § 2255. ECF No. 443. The motion was referred to Magistrate Judge Patricia T. Morris. ECF No. 446. Judge Morris issued a report on April 25, 2017, which recommended that Dado's motion to vacate be denied. ECF No. 465. After Dado requested and was granted an extension of time to file objections, ECF Nos. 466, 467, Dado filed a "letter-motion" objecting to the report and recommendation. ECF No. 469. Because Dado simply restates the arguments in his motion to vacate in extremely conclusory fashion, his "objections" do not trigger de novo review under the Magistrates Act. They will be overruled, and the motion to vacate will be denied.

**I.**

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id.*

**II.**

In his letter, Dado provides a half-page of objections which simply restate the arguments in his motion to vacate. He does not specifically mention, much less challenge, any particular aspect of Judge Morris's opinion. In his own words, "Dado stands by his section 2255 and incorporates the arguments within. If the court agree with the Magistrate Judges R & R, Dado respectfully requests a certificate of appealability to determined whether counsel provided ineffective assistance for failure to advised of the mandatory minimum enhancement penalty." Objs. at 1, ECF No. 469 (sic throughout). This level of generality, which does not attempt to identify any errors in Judge Morris's analysis, does not trigger de novo review.

Nevertheless, a review of Judge Morris's report and recommendation reveals that she thoughtfully addressed both of Dado's arguments in detail. First, Dado argues that his counsel was ineffective on direct appeal for failing to argue that his due process rights were violated because the jury did not expressly find that he had knowledge of the amount and type of drugs involved. As Judge Morris explains, that argument is essentially identical to the argument (raised and rejected on direct appeal), that *Alleyne v. United States*, 133 S. Ct. 2151 (2013), rendered his conviction unconstitutional. Second, Dado argues that his conviction must be set aside because his trial counsel did not communicate the details of the plea offer and the consequences of rejecting it to him. But, as Judge Morris explains, Dado's knowledge and rejection of the plea offer was established on the record at the final pretrial conference. *See* FPC Tr. at 4–6, ECF No. 430. Thus, the factual record renders Dado's claim untenable. Because Judge Morris properly reviewed and rejected Dado's claims, his conclusory objections will be overruled and the motion to vacate will be denied.

In his objections, Dado requests a certificate of appealability, which is required to appeal this Court's dispositive decision. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A

certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted in this case. The Court further concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

**III.**

Accordingly, it is **ORDERED** that Petitioner Dado's objections to the report and recommendation, ECF No. 469, are **OVERRULED.**

It is further **ORDERED** that the Magistrate Judge's report and recommendation, ECF No. 465, is **ADOPTED.**

It is further **ORDERED** that Petitioner Dado's motion to vacate her sentence under 28 U.S.C. § 2255, ECF No. 443, is **DENIED.**

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that leave to proceed *in forma pauperis* on appeal is **DENIED**.

Dated: June 21, 2017                        s/Thomas L. Ludington
                                            THOMAS L. LUDINGTON
                                            United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 21, 2017.

s/Kelly Winslow
KELLY WINSLOW, Case Manager