UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                          Case No. 09-CR-20523-09
                                          Honorable Thomas L. Ludington

SALAH DADO,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**

On May 2, 2012, Defendant Salah Dado was convicted of one count of conspiracy to manufacture 1,000 or more marijuana plants and conspiracy to possess with intent to distribute 1,000 kilograms or more of marijuana and one count of manufacturing 1,000 or more marijuana plants, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. ECF No. 322. After months of post-trial litigation, Defendant was sentenced on April 22, 2013 to concurrent sentences of 240 months imprisonment for each count along with two concurrent 10-year terms of supervised release. ECF No. 412. Defendant is currently housed at Federal Correctional Institute, Milan ("FCI Milan") in Michigan.

On September 15, 2020, Defendant, through counsel, filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), citing the COVID-19 pandemic and his health condition. ECF No. 481. Defendant's Motion was denied because neither his thalassemia nor obesity qualified as a "serious physical or medical condition" as required under the commentary to U.S.S.G. § 1B1.13. ECF No. 484 at PageID.3416–23. On November 27, 2020, Defendant, through counsel, moved for reconsideration. ECF No. 485. Given the ongoing pandemic and recent changes in governing law, Plaintiff, the United States of America (the "Government"), was

directed to respond to Defendant's Motion and did so on January 28, 2021. ECF Nos. 486, 487. For the reasons stated below, Defendant's Motion for Reconsideration will be denied.

I.

Pursuant to Local Rule 7.1(h), a party can file a motion for reconsideration of a previous order. A motion for reconsideration will be granted if the moving party shows "(1) a palpable defect, (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Michigan Dept. of Treasury v. Michalec*, 181 F. Supp. 2d 731, 733–34 (E.D. Mich. 2002) (quoting E.D. Mich. LR 7.1(h)(3)). A "palpable defect" is "obvious, clear, unmistakable, manifest, or plain." *Id.* at 734 (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 2d 262, 278 (E.D. Mich. 1997)). "[T]he Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3); *see also Bowens v. Terris*, No. 2:15-CV-10203, 2015 WL 3441531, at *1 (E.D. Mich. May 28, 2015). Furthermore, "[i]t is well-settled that parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued." *Bank of Ann Arbor v. Everest Nat. Ins. Co.*, 563 F. App'x 473, 476 (6th Cir. 2014).

II.

In his Motion for Reconsideration, Defendant argues that the Sixth Circuit's recent decision in *United States v. Jones*, 980 F.3d 1098 (6th Cir. 2020), changed the legal criteria for compassionate release motions. ECF No. 485. Defendant is correct. Following *Jones* and *United States v. Elias*, 984 F.3d 516, 520 (6th Cir. 2021), district courts are no longer confined to the considerations outlined in the policy statement commentary when determining if a defendant's request is extraordinary and compelling, such as whether an inmate suffers from a "terminal

illness" or "serious physical or medical condition." *See Elias*, 984 F.3d at 519. District courts now have the "full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Jones*, 980 F.3d at 1111.

The question, then, is whether *Jones* and *Elias* demand a different disposition of Defendant's Motion for Compassionate Release. They do not.

To be sure, Defendant suffers from a CDC-recognized risk factor for COVID-19: obesity.[1] *See People With Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html [https://perma.cc/Z748-HBPY] (last visited Feb. 18, 2021). Nonetheless, Defendant no longer appears to be in imminent danger of contracting the virus. Since the Government was directed to respond, the outbreak at FCI Milan has largely subsided. Currently, the facility is reporting only one active infection in an inmate and four among staff.[2] *See COVID-19*, BOP, https://www.bop.gov/coronavirus/ [https://perma.cc/D96M-N3DN] (last visited Feb. 18, 2021). Under these circumstances, Defendant's apparent susceptibility to COVID-19 does not constitute an extraordinary and compelling reason for release. *Cf. Elias*, 984 F.3d at 520–21 (holding that district court did not abuse its discretion where it applied two-part test considering whether "defendant is at high risk of having complications from COVID-19" and whether "the prison where the defendant is held has a severe COVID-19 outbreak").

---

[1] Defendant's BMI is 30—the lowest value associated with obesity. *See* ECF No. 481-6 at PageID.3376; *CDC*, *supra*. As noted in the Order Denying Compassionate Release, the "medical staff at FCI Milan have counseled [Defendant] on his weight." ECF No. 484 at PageID.3421. Defendant also suffers from thalassemia, a blood disorder that causes anemia. ECF No. 481 at PageID.3341. The CDC states that thalassemia "might increase" the risk of severe illness from COVID-19. *See CDC*, *supra*.
[2] The BOP has tested over 800 inmates at FCI Milan. *See BOP*, *supra*.

- 4 -

## III.

Accordingly, it is **ORDERED** that Defendant's Motion for Reconsideration, ECF No. 485, is **DENIED**.

Dated: February 18, 2021                                                 s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Salah Dado** #45816-039, MILAN FEDERAL CORRECTIONAL INSTITUTION, Inmate Mail/Parcels, P.O. BOX 1000, MILAN, MI 48160 by first class U.S. mail on February 18, 2021.

s/Kelly Winslow
KELLY WINSLOW, Case Manager